UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER JONES,

         Plaintiff,

Case No. 1:07-cv-786

Hon. Gordon J. Quist

vs.

PATRICIA L. CARUSO, *et al.*,

         Defendants.

_____/

**ORDER**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This matter is before the court on defendants' motion for leave to take deposition of plaintiff (docket no. 15) and plaintiff's motion for protective order staying discovery and taking of deposition (docket no. 19).

In his complaint, plaintiff claims that defendants were deliberately indifferent to his present and future health by failing to protect him from prolonged exposure to environmental tobacco smoke (ETS), and that they retaliated against him for engaging in conduct protected by the First Amendment. Plaintiff's complaint includes the following allegations. In July 2006, he advised the Michigan Department of Corrections (MDOC) of medical problems such as "inhibited breathing, burning sensation of the lungs, irritation causing unwarranted coughing, production of mucus, inability to taste or smell effectively, shortness of breath, [and] uncontrollable coughing after sneezing," and diagnosed conditions of asthma and bronchitis. Compl. at ¶¶ 38-42. In addition, he suffered from an unspecified "medical condition" that "prevented him from being [housed] in a cell on an upper-wing where smoke hovered." *Id.* at ¶ 48. Despite have a "medical special

accommodation notice," plaintiff alleged that he suffered from nausea, respiratory complications, coughing, phlegm, breathing difficulties and burning sensations due to ETS, and his continued exposure to ETS "exacerbated [his] medical conditions causing him unnecessary pain and suffering." *Id.* at ¶¶ 58-59, 77. Plaintiff was to be transferred to a smoke free living environment due to "a documented respiratory illness." *Id.* at ¶ 103. Finally, defendants' acts caused the prolonged exposure to ETS which resulted in plaintiff "being medically diagnosed with asthma and bronchitis," and "being medically prescribed inhaled medications to aid plaintiff with respiratory ailments." *Id.* at ¶¶ 109-10.

On December 3, 2007, defendants took steps to obtain discovery in this suit. First, defendants sent a letter to plaintiff requesting him to sign an authorization for release of hospital and medical records. *See* Attachment A to plaintiff's brief. Second, defendants issued a subpoena to the Medical Records Custodian at plaintiff's correctional facility commanding the custodian to produce "[t]he complete MDOC medical records for prisoner Walter Jones (#235079), including all medical and psychological records." *Id.* Third, defendants moved for leave to take plaintiff's deposition pursuant to Fed. R. Civ. P. 30(a)(2)(B) (which provides in pertinent part that "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2) . . . if the deponent is confined in prison"). *Id.*

Plaintiff objects to the deposition and seeks to stay discovery of his MDOC medical records. In addition, plaintiff contends that discovery should not be permitted because he does not have an attorney and because defendants have not responded to his complaint.

Fed. R. Civ. P. 26(b)(1) provides that, unless limited by court order:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature,

2

>custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

The court may limit the frequency or extent of discovery under Fed. R. Civ. P. 26(b)(2)(C) if:

>(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
>(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
>(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Most litigants are required to provide initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and to confer and develop a discovery plan pursuant to Fed. R. Civ. P. 26(f). However, plaintiff, a pro se prisoner in state custody, is exempt from providing initial disclosures and developing a discovery plan. *See* Fed. R. Civ. P. 26(a)(1)(B)(iv). Because plaintiff is exempt from these requirements, the parties are free to engage in any method of discovery in any sequence. *See* Fed. R. Civ. P. 26(d). Plaintiff's complaint clearly places his medical condition at issue in this suit. His medical records are relevant and subject to discovery. Fed. R. Civ. P. 26(b)(1). Accordingly, defendants can properly engage in discovery of his medical condition at this stage of the litigation.

In addition, plaintiff seeks a protective order and a stay of discovery because he does not want to disclose his medical history to defendants. Fed. R. Civ. P. 26(c)(1) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Here, plaintiff states that permitting such

"vital information" (i.e., his medical records) at this stage of the lawsuit "produces an undue burden, oppression and embarrassment on plaintiff as he wishes not to disclose every document pertaining to his medical history unrelated to the cause of action presently pending before this court."

Plaintiff's position is untenable. His suit squarely places his medical condition at issue. His complaint alleges that defendants caused respiratory illnesses, non-respiratory illnesses such as nausea, unspecified medical conditions, and the exacerbation of medical conditions causing him unnecessary pain and suffering. Given these allegations, plaintiff cannot prevent defendants from reviewing the objective medical evidence of his medical condition, i.e., plaintiff's records arising from his incarceration at the MDOC. The court rejected a similar claim to restrict access defendants' access to a prisoner's medical records in *Birdsong v. Bishop*, No. 06-cv-297, 2007 WL 4571308 at*4 (E.D. Ky. Dec. 27, 2007), reasoning in pertinent part as follows:

> The Court will deny the plaintiff's motion for a Protective Order restricting the defendants' ability to obtain his medical records. The plaintiff's request is an unreasonable effort to restrict the defendants' access to his complete medical status and/or medical history. The plaintiff has put his medical condition in issue. The defendants are entitled to access to all of his medical records during discovery, although at a later point in the proceeding, the Court will have the ultimate responsibility of determining what is relevant.

Similarly, defendants are entitled to access to all of plaintiff's medical records.

Accordingly, **IT IS ORDERED** that defendants' motion for leave to take plaintiff's deposition (docket no. 15) is **GRANTED** and plaintiff's motion for a protective order (docket no. 16) is **DENIED**.

Dated:  February 25, 2008  /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge