UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER LEE JONES, #235079

    Plaintiff,

v.          Case No. 1:07-CV-786

PATRICIA L. CARUSO,          HON. GORDON J. QUIST

    Defendant.

_____/

**ORDER ADOPTING IN PART AND REJECTING IN PART
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The Court has before it Plaintiff's objections to the Magistrate Judge's Report and Recommendation issued 2 September 2008. (Docket no. 43.) The magistrate judge recommended that Defendants' motion for partial summary judgment (docket no. 22) be granted as to defendant Lovett, denied as to Plaintiff's Eight Amendment Environmental Tobacco Smoke (ETS) claims against defendants Caruso, McKee, English, Perry, Palmer, Bouck and Prelesnik, and that Plaintiff's retaliation claim in Count III be dismissed. The Court has reviewed the report and recommendation de novo pursuant to Fed. R. Civ. P. 72(b) and concludes that it should be adopted in part and rejected in part.

Plaintiff presents two objections. The magistrate judge should not have: 1) recommended that the Court grant summary judgment as to defendant Lovett on the grounds that Plaintiff did not name Lovett in any grievance and thus failed to exhaust his administrative remedies against him; 2) recommended dismissing Count III on the grounds that Plaintiff failed to exhaust his administrative remedies before suing Lovett and Prelesnik for retaliation pursuant to 42 U.S.C. § 1983. Defendants assert that Lovett is not named in any of the grievances Plaintiff filed regarding

ETS, and that there is no mention of retaliation in the grievance regarding ETS naming Prelesnik. (Docket no. 22, at 4-5.) To support their contention, Defendants submitted three grievances, none of which refers to Lovett or concerns a claim of retaliation. Consequently, the magistrate judge concluded that Plaintiff failed to exhaust his retaliation claim and that defendant Lovett and Count III should be dismissed.

The Court disagrees. Plaintiff submitted grievance MTU/07-04-00-365-024z to the Court with his reply to the Defendants' response to Plaintiff's motion for default judgment. (Docket no. 40-2.) The grievance asserts that defendants Lovett and Prelesnik retaliated against Plaintiff's "protected conduct" by transferring him to a facility that lacked smoke-free accommodations. (Docket no. 40-2, at 2-3.) This grievance concerns the acts giving rise to Count III of Plaintiff's complaint. Plaintiff named both Lovett and Prelesnik, provided sufficient detail to notify prison officials of the problem, and completed the step-2 and step-3 appeals. The grievance is factually sufficient to overcome Defendants' argument that Plaintiff did not exhaust against Lovett and Prelesnik. Defendants have preserved no procedural objections to consideration of this grievance. Accordingly, they may not assert that Plaintiff failed to exhaust his administrative remedies before pursuing a retaliation claim against Lovett and Prelesnik.

The remainder of the magistrate judge's report and recommendation is adopted for the reasons given by the magistrate judge.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued 2 September 2008 (docket no. 43) is **ADOPTED IN PART** and **REJECTED IN PART.**

**IT IS FURTHER ORDERED** that Defendants' motion for partial summary judgment (docket no. 22) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to strike Defendants' affirmative defenses (docket no. 23) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend his motion to strike (docket no. 27) is **DENIED**.


Dated:  September 29, 2008                         /s/ Gordon J. Quist
                                                                GORDON J. QUIST
                                                        UNITED STATES DISTRICT JUDGE