UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

WALTER LEE JONES,

       Plaintiff,

v.                                                  Case No. 1:07-CV-786

PATRICIA CARUSO, et al.,                   HON. GORDON J. QUIST

       Defendants.
_____/

## ORDER ADOPTING IN PART
## REPORT AND RECOMMENDATION

The Court has before it Plaintiff's objection to the report and recommendation issued January 19, 2010, in which Magistrate Judge Brenneman recommended that Defendants' motion for summary judgment be granted. Defendants have also filed an objection, limited to the magistrate judge's recommendation that Defendants waived the issue of qualified immunity. Plaintiff alleges an environmental tobacco smoke ("ETS") claim under the Eighth Amendment that Defendants were deliberately indifferent to his serious medical needs by placing him in a housing unit with smokers and by failing to enforce the MDOC's no-smoking policy and to remove smoking prisoners from the non-smoking designated housing units. Plaintiff also alleged that Defendants Prelesnik and Lovett retaliated against him by "transferring him to a worse living environment where smoke hovers."

With regard to Plaintiff's Eighth Amendment ETS claim, the magistrate judge noted that Plaintiff alleged both a "present injury claim" and a "future injury claim." The magistrate judge concluded that Plaintiff's present injury claim fails because Plaintiff's evidence was insufficient to meet the objective component of that claim. The magistrate judge observed that although Plaintiff's

medical records show that he experienced some symptoms from exposure to ETS, the evidence did not show that his symptoms were serious or that his asthma was difficult to control. The magistrate judge also concluded that Plaintiff failed to establish his future injury claim because Plaintiff presented no evidence showing that he was being exposed to unreasonably high levels of ETS or that the risk that he experienced violated contemporary standards of decency. In addition, the magistrate judge concluded that the MDOC's adoption of a policy prohibiting smoking within all MDOC buildings and within 100 feet of any entrance to such buildings demonstrated that MDOC officials were not deliberately indifferent to ETS.

With regard to Plaintiff's retaliation claim, the magistrate judge concluded that Plaintiff presented sufficient evidence to establish that he engaged in protected conduct and that the actions Defendants Prelesnik and Lovett took were motivated by that protected conduct. However, the magistrate judge concluded that the alleged adverse action – a transfer from one correctional facility to another – did not constitute an adverse action because such a transfer is not considered sufficiently adverse to deter a prisoner of ordinary firmness from exercising his First Amendment rights.

Finally, the magistrate judge concluded that while Defendants are entitled to summary judgment on the merits of Plaintiff's claims, Defendants are not entitled to qualified immunity because they waived the issue by failing to sufficiently develop the argument in their brief.

After conducting a *de novo* review of the report and recommendation, the parties' objections, and the pertinent portions of the record, the Court concludes that the report and recommendation should be adopted with regard to Plaintiff's claims. Because a ruling on qualified immunity is unnecessary, the Court will not adopt the magistrate judge's recommendation on the qualified immunity defense.

*Eighth Amendment Claim*

Plaintiff objects only with regard to the magistrate judge's conclusion that Plaintiff's present injury claim must be dismissed. Plaintiff contends that he presented sufficient evidence to establish both the objective component and the subjective component of his claim. However, the magistrate judge concluded only that Plaintiff failed to meet the objective prong of a present injury ETS claim. In fact, in a footnote, the magistrate judge correctly noted that Defendants' argument on the subjective prong of Plaintiff's claim was limited to an unsupported assertion that they were subjectively unaware of Plaintiff's serious medical need for a smoke-free environment. (Report & Recommendation at 7 n.2.)

In order to prevail on an Eighth Amendment claim based upon exposure to ETS, a plaintiff must satisfy a two-part inquiry that involves both an objective and a subjective component. *Helling v. McKinney*, 509 U.S. 24, 35-36, 113 S. Ct. 2475, 2481-82 (1993). As noted, we are concerned here only with the objective prong.

To establish the objective inquiry, a prisoner must show that his medical needs are "sufficiently serious." *Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir. 1992). Exposure to ETS which causes "mere discomfort or inconvenience" is insufficient to support an Eighth Amendment claim. *Id. See also Talal v. White*, 403 F.3d 423, 426 (6th Cir. 2005). "The issue then is whether the prisoners' pre-existing medical conditions are such that exposing them to ETS represents a serious health threat or constitutes mere discomfort." *Hunt*, 974 F.2d at 735.

The magistrate judge noted that Plaintiff has been diagnosed with asthma, a condition that both constitutes a serious medical condition and requires that Plaintiff avoid ETS. *See Taylor v. Prelesnik*, No. 1:06-CV-898, 2008 WL 2199695, at *2 (W.D. Mich. May 23, 2008). The magistrate judge observed, however, that Plaintiff's records failed to show that Plaintiff suffered from serious

symptoms or that his asthma was difficult to control. Based upon its review of the evidence, the Court concurs with the magistrate judge that Plaintiff has not shown that his exposure to ETS posed a serious health threat sufficient to establish a claim for present injury. The evidence shows that Plaintiff's symptoms were "relatively minor" and that Plaintiff was able to manage them with the use of his inhalers and other medication.

Plaintiff argues that the magistrate judge erred because he failed to consider evidence that Plaintiff was hospitalized in June of 2006 due to exposure to ETS. Even so, nothing in Plaintiff's medical records indicates the circumstances of the hospitalization or shows that medical restrictions were imposed upon Plaintiff following the hospitalization. In fact, records from Plaintiff's October 25, 2006, physical exam show that Plaintiff's symptoms had decreased since his trip to the hospital, possibly due to cooler temperatures. Therefore, the Court concludes that Plaintiff's hospitalization on one occasion does not undermine the magistrate judge's conclusion that Plaintiff failed to demonstrate the objective prong of his ETS claim.

Plaintiff also contends that the Sixth Circuit's decisions in *Talal v. White*, 403 F.3d 423 (6th Cir. 2005), and *Palacio v. Hofbauer*, 106 F. App'x 1002 (6th Cir. 2004), support his claim because those cases are similar to this case and in both instances the courts held that the plaintiffs stated an Eighth Amendment claim. Plaintiff's reliance on those cases is misplaced, however, because they merely held that the plaintiffs stated claims that were sufficient to survive a motion to dismiss under Rule 12(b)(6). In this case, Plaintiff's claim is subject to the summary judgment standards under Rule 56. Thus, those cases do not undermine the magistrate judge's recommendation.

*Retaliation*

As noted, the magistrate judge concluded that Plaintiff's retaliation claim fails because the alleged adverse action – the transfer from MTU to another facility – is not sufficiently adverse to deter a person of ordinary firmness from exercising his First Amendment rights. Plaintiff argues that under the Sixth Circuit's decision in *Siggers-El v. Barlow*, 412 F.3d 693 (6th Cir. 2005), the transfer in this case would deter a person of ordinary firmness from engaging in protected conduct because Plaintiff also suffered foreseeable consequences. That is, Plaintiff alleges that he was transferred to a worse living environment where smoke constantly hovers.

It is well recognized that because prisoners are expected to endure more than the average citizen, and since transfers are common among prisons, a transfer from one prison to another generally will not be considered sufficiently adverse to deter a prisoner of ordinary firmness from engaging in protected conduct. *See Hix. v. Tenn. Dep't of Corr.*, 196 F. App'x 350, (6th Cir. 2006) (stating that "this Court has held that in the context of a First Amendment retaliation claim, a prisoner is expected to endure more than the average citizen and enjoys no protected right to remain incarcerated in a given correctional facility"). In *Siggers-El*, however, the Sixth Circuit recognized that the foreseeable consequences of the transfer may be sufficiently adverse to meet the adverse action requirement for a First Amendment retaliation claim. The court held that a reasonable trier of fact could find that the plaintiff's transfer to another facility constituted an adverse action because the plaintiff "was not only transferred, but also suffered a number of foreseeable consequences that inhibited the Plaintiff's ability to access the courts." 412 F.3d at 702. The plaintiff in *Siggers-El* had complained to the assistant deputy warden about the defendant's refusal to authorize a disbursement from the plaintiff's account so the plaintiff could pay a lawyer to review his criminal appellate brief and file. Thereafter the defendant authorized a transfer of the plaintiff to another

5

facility. The Sixth Circuit held that a reasonable trier of fact could conclude that the transfer would deter a prisoner of ordinary firmness from engaging in protected conduct because the plaintiff suffered a number of foreseeable consequences, including loss of his high paying job that he needed in order to pay his attorney and decreased accessibility to his attorney as a result of being moved further away from her. *Id.*

Plaintiff argues that the holding in *Siggers-El* applies in this case because he suffered a number of foreseeable consequences as a result of the transfer, including being sent to a facility that had a worse living environment where smoke hovers all the time and where Plaintiff would have no ability to retreat from the smoke. The Court disagrees. Although Plaintiff claims that the facility had a worse living environment, Plaintiff fails to allege that the facility lacked smoke or tobacco-free housing or that Defendants Prelesnik and Lovett had any basis to believe that Plaintiff would be denied a request to be housed in such facilities. In fact, the exhibits attached to Plaintiff's brief in response to Defendants' motion show that Plaintiff in fact requested to be housed in a smoke-free unit at the transferee facility. Consequently, the Court concludes that Plaintiff has failed to show "foreseeable consequences" that would render his circumstances an exception to the well-established rule that a transfer from one prison facility to another does not rise to the level of an adverse action. *See Smith v. Yarrow*, 78 F. App'x 529, 543 (6th Cir. 2003).

### *Qualified Immunity*

Defendants object to the magistrate judge's conclusion that they waived the qualified immunity defense by failing to sufficiently develop their argument in their brief. Defendants assert that because a plaintiff has the burden of proof to show that a defendant is not entitled to qualified immunity and because a defendant only has the initial burden of pleading the defense, Defendants' qualified immunity analysis in their brief was adequate to merit consideration. While the Court

6

tends to agree with the magistrate judge's analysis, the Court need not rule on the issue because it has concluded that Plaintiff's claims are properly dismissed on the merits. *See R.S.W.W., Inc. v. City of Keego Harbor*, 397 F.3d 427, 440 (6th Cir. 2005). Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued January 19, 2010 (docket no. 82) is **ADOPTED IN PART** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (docket no. 73) is **GRANTED**, and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

This case is **concluded**.


Dated: March 23, 2010 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE